Citation Nr: 1546187 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 95-42 539 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to a disability rating in excess of 20 percent for service-connected lumbosacral strain.

2. Entitlement to an initial compensable disability rating for service-connected residuals of the removal of a growth or tumor from the left ear.

3. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant and son


ATTORNEY FOR THE BOARD

A. Solomon, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1986 to October 1991 and from June 2001 to September 2004.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 1995 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky, which denied the Veteran's claim for an increased evaluation for service-connected lumbosacral strain, and a December 2005 rating decision of the VA RO in Wichita, Kansas, which granted the Veteran's claim for service connection for residuals of the removal of a growth or tumor from the left ear and assigned a noncompensable disability rating effective September 17, 2004. Jurisdiction of the appeals has since transferred to the St. Louis, Missouri RO. 

In January 1999, the Veteran testified at a Travel Board hearing at the St. Louis, Missouri RO before a Veterans Law Judge who is no longer employed by the Board. The Veteran was afforded the opportunity to present testimony at another hearing before the Board, and in April 2008, he testified before the Board via means of a video conference hearing. Transcripts of both hearing have been associated with the claims file. 

The Board subsequently remanded the issue of entitlement to a disability rating in excess of 20 percent for service-connected lumbosacral strain for further development in August 1999, August 2003 and September 2008. In November 2010, the Board issued a decision, which in pertinent part denied entitlement to a disability rating in excess of 20 percent for lumbosacral strain. The Veteran then appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court), and in an August 2011 Order, the Court vacated the November 2010 Board decision to the extent that it denied entitlement to a disability rating in excess of 20 percent for service connected lumbosacral strain, and remanded the matter to the Board for development consistent with the parties' Joint Motion for Remand (Joint Motion). The Board then remanded the issue for further development in May 2012. The appeal has since been returned to the Board for appellate review. 

With regard to the appeal of the Veteran's claim for an initial compensable disability rating for service-connected residuals of the removal of a growth or tumor from the left ear, the Board remanded the matter for further development in September 2008, November 2010, and May 2012. The development was completed, and the appeal was returned to the Board for appellate review.

During the pendency of the appeal, the Court held in Rice v. Shinseki, 22 Vet. App. 447 (2009) that a TDIU claim is part of an increased rating claim when such claim is raised by the record. In this case, the Veteran sent correspondence that was received by VA in June 2010, asserting that his service-connected disabilities, including his lumbosacral strain, affect his employment and that he should be awarded a 100 percent disability rating. The Board recognized this as raising a claim for a TDIU, and in November 2010, remanded the issue for initial adjudication by the AOJ. The Board again remanded the issue in May 2012, and it has since been returned to the Board for appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

Reason for Remand: To schedule the Veteran for a Board hearing via videoconferencing equipment.

The claims file contains a February 2015 report of general information documenting a telephone call with the Veteran wherein the Veteran requested a videoconference hearing regarding the appeal associated with his October 1995 Notice of Disagreement (NOD). The Board notes that this NOD, in pertinent part, began his appeal of the denial of an increased evaluation for lumbosacral strain. In September 2015, the Veteran's representative submitted a motion to remand all three issues here on appeal for a videoconference hearing before the Board.

A veteran has a right to request a hearing before the issuance of a Board decision. Bernard v. Brown, 4 Vet. App. 384, 393 (1993) (citing 38 U.S.C.A. § 7104(a) (West 1991)); 38 C.F.R. §§ 3.103(a) and (c), 19.9, 19.25, 20.704 (2015). The Veteran has not yet been provided with a hearing regarding the issue of entitlement to a TDIU. Additionally, although the Veteran has previously been afforded a hearing before the VLJ currently reviewing these appeals, approximately 7.5 years have passed since the most recent hearing regarding the issues of entitlement to a disability rating in excess of 20 percent for service-connected lumbosacral strain and an initial compensable disability rating for service-connected residuals of the removal of a growth or tumor from the left ear, and the Veteran may wish to present testimony regarding potential further deterioration of these service connected disabilities. 

Therefore, remand is warranted in order to schedule the Veteran for a videoconference hearing, and ensure full compliance with due process requirements.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing at the St. Louis RO before a Veterans Law Judge, in accordance with applicable law. Ensure notice scheduling the hearing is sent to the Veteran's current address of record. A copy of the notice scheduling the hearing should be placed in the claims folder.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).